```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GERMAINE R. RUDDICK,

                Plaintiff,

vs.                                    Case No. 2:05-cv-440-FtM-29SPC

JAMES CROSBY; LOUIS VARGAS; GERALD
WASSI; CHARLES SHOCKLEY; CHESTER
LAMBDIN; TIMOTHY CANNON; COLONEL
HOWDESHELL; RICHARD POCCIA; BRENT
KENT; J. SHAW; SGT. RIGBY,

                Defendants.
_____

**<u>ORDER</u>**

    This matter comes before the Court upon Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60 (Doc. #6) filed September 29, 2005. Plaintiff, an inmate incarcerated in a Florida penal institution, filed a civil rights action pursuant to 42 U.S.C. §1983 relating to the conditions of his confinement. The Court dismissed Plaintiff's Complaint in this action as duplicative because Plaintiff also had filed a virtually identical claim at Case No. 2:05-CV-433. Plaintiff claims that the Complaint in this action was erroneously docketed by the Clerk as a new action and argues that Plaintiff intended the handwritten civil rights to correct certain errors in the complaint previously filed at Case No. 2:05-CV-433. Plaintiff asks the Court to compare the complaints filed in the action *sub judice* with the complaint filed in Case No. 2:05-CV-433 "to determine which of the two [complaints] insufficiently fail to state a cause for relief and

have that one dismissed, or consolidated with the successive which is complete in format." Motion, page 3.

The purpose of Rule 60(b), Fed. R. Civ. P., is to define the circumstances under which a party may obtain relief from a final judgment. "It should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). Rule 60(b) permits courts to reopen judgments for reasons of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. "Motions under this rule are directed to the sound discretion of the district court." Id.

The Clerk of Court docketed Plaintiff's Complaint as a new action. Nowhere on the Complaint does Plaintiff's earlier filed case number or the word "amended complaint" appear. It is not the responsibility of the Court or the Clerk of Court to conduct an intricate examination of Plaintiff's duplicative filings to determine which more sufficiently sets forth Plaintiff's claim. Consequently, the Court will deny Plaintiff's Motion in this action, but by separate Order will direct the Clerk of Court to forward copies of both complaints to Plaintiff for Plaintiff to examine. Plaintiff may then choose to file an amended complaint in

his previous Case No. 2:05-CV-433, if Plaintiff deems it appropriate.

**ACCORDINGLY**, it is hereby **ORDERED** Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. #6) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___4th___ day of October, 2005.

                                                              _____
                                                              JOHN E. STEELE
                                                              United States District Judge


SA: hmk
Copies: All Parties of Record

-3-